IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02380-BNB

JESUS HALL,

    Plaintiff,

v.

BROWN, Nurse, in Her Individual and Official Capacities,
ALRED, Doctor, in His Individual and Official Capacities,
CINK, P.A., in His Individual and Official Capacities,
MCDERMOT, Administrator, in His Individual and Official Capacities,
UNITED STATES OF AMERICA, and
HAVER, Officer,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jesus Hall, is a prisoner in the custody of the federal Bureau of Prisons at the United States Penitentiary in Florence, Colorado. He initiated this action by submitting *pro se* a Complaint asserting a deprivation of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), as well as a claim against the United States of America pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§2671-2680. Mr. Hall has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Mr. Hall filed a previous action against the same Defendants, *Jesus Hall v. J. Brown, et al.*, Civil Action No. 12-cv-03204-CMA-KLM, in which he asserted *Bivens* claims arising from the same set of operative facts. In the earlier case, the claim(s) against Defendant P.A. Cink were dismissed by Senior Judge Lewis T. Babcock, *sua*

*sponte*, under 28 U.S.C. § 1915(e)(2)(B), because Plaintiff failed to allege facts in the operative pleading to demonstrate an arguable Eighth Amendment violation by Defendant Cink. (*See* No. 12-cv-03204-CMA-KLM, at ECF No. 28, at 4, 6). The dismissal of the claim(s) against Defendant Cink was with prejudice. The remaining claims were drawn to District Judge Arguello and Magistrate Judge Mix. (*See id.* at 6). On April 29, 2014, Magistrate Judge Mix issued a Recommendation that the Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) be granted. (*Id.* at 62). Specifically, Magistrate Judge Mix found that the Court lacked subject matter jurisdiction over the *Bivens* claims asserted against the United States and the individual Defendants in their official capacities because the claims were barred by the doctrine of sovereign immunity. (*Id.* at 10-11). Magistrate Judge Mix recommended dismissal of the constitutional claims against the individual defendants, sued in their personal capacities, because Plaintiff had failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (*Id.* at 14-18). On June 4, 2014, District Judge Arguello affirmed the April 29, 2014 Recommendation and dismissed the action without prejudice. (No. 12-cv-03204-CMA-KLM, at ECF No. 65). Final Judgment was entered on June 6, 2014. (*Id.*, ECF No. 66). On July 25, 2014, Mr. Hall filed a "Motion to Reinstate the Case to Be Heard on Its Merits Now That Exhaustion Requirements Ha[ve] Been Met" (*Id.*, ECF No. 67). District Judge Arguello denied the Motion to Reinstate Case on July 29, 2014, and advised Mr. Hall that he could initiate a new civil action if he so desired. (*Id.*, ECF No. 68). Mr. Hall initiated the present action on August 27, 2014.

The Court must construe the Prisoner Complaint liberally because Mr. Hall is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. For the reasons discussed below, Mr. Hall will be ordered to file an Amended Complaint.

**A.     *Bivens* claims against United States and the Defendants in their Official Capacities**

Mr. Hall cannot maintain *Bivens* claims against the United States and the individual Defendants sued in their official capacities. A suit for damages against the United States is barred by sovereign immunity unless immunity has been waived. *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985)). The United States has not waived sovereign immunity for itself or its agencies under *Bivens* for constitutional tort claims and therefore cannot be sued in a *Bivens* action. *See Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994) (holding that a *Bivens* action may not be brought against the United States). Further, the official-capacity claims against the individual Defendants are construed as claims against the United States and are also barred by sovereign immunity. *See Kentucky*, 473 U.S. at 165-66; *see also Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) ("There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity. Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States.").

The Court lacks subject matter jurisdiction to hear claims that are barred by the

doctrine of sovereign immunity. *See Tippett v. United States*, 108 F.3d 1194, 1196 (10th Cir. 1997). Accordingly, Mr. Hall cannot maintain *Bivens* claims against the United States or the Defendants sued in their official capacities.

**B.    *Bivens* Claim Against Defendant Cink**

Mr. Hall cannot seek *Bivens* relief against Defendant P.A. Cink in this action because he sues Cink based on the same conduct which the Court concluded failed to state an arguable constitutional claim in the earlier action. As discussed above, the claim(s) asserted against Defendant Cink in the previous action were dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B).

Claims may be dismissed as frivolous or malicious under 28 U.S.C. § 1915(e)(2) if they duplicate previous litigation. *See McWIlliams v. State of* Colorado, 121 F.3d 573, 574-75 (10th Cir. 1997) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)); *see also Griffin v. Zavaras*, No. 09-1165, 336 F. App'x 846, 849 (10th Cir. July 14, 2009) (unpublished).

Furthermore, res judicata, or claim preclusion, applies to limit a party from bringing before the court a matter that has been or could have been raised in an earlier proceeding. *See Allen v. McCurry,* 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). Claim preclusion applies if (1) there was a final judgment on the merits in the earlier action; (2) the parties are identical or in privity in both cases; (3) the cause of action is the same; and (4) the plaintiff had a full and fair opportunity to litigate the claim in the prior suit. *Nwosun v. General Mills Rests.,* 124 F.3d 1255, 1257 (10th Cir. 1997).

The Court may raise the affirmative defense of claim preclusion *sua sponte* if the face of the pleading demonstrates that the defense bars the Plaintiff's suit. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("A complaint may be dismissed *sua sponte* under § 1915 based on an affirmative defense . . . only when the defense is obvious from the face of the complaint and no further factual record is required . . . " (internal quotations and citation omitted)); *see also Arizona v. California*, 530 U.S. 392, 412 (2000) (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting) ("'if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: . . . the avoidance of unnecessary judicial waste.'") (internal citations omitted).

The Court finds that principles of claim preclusion and case law prohibiting duplicative litigation bar Mr. Hall's *Bivens* claim(s) against Defendant Cink in this action because the same claim(s) were adjudicated on the merits in No. 12-cv-03204-CMA-KLM.

**C.     FTCA Claim Against United States**

Finally, the Court finds that the Complaint is deficient because Mr. Hall's allegations do not demonstrate that the Court has subject matter jurisdiction over the FTCA claim against the United States. The federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003)

(quoting *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)). The FTCA waives the United States' sovereign immunity from tort claims and makes it liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. A tort claim against the government, however, is "forever barred unless it is presented to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b).

An action against the United States under the FTCA shall not be instituted unless the claimant shall have first presented his claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or agency mail. 28 U.S.C. § 2675(a). *See also Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) ("Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed."). The agency's failure to make a final disposition of a claim within six months after it is filed shall be deemed a final denial of the claim. 28 U.S.C. § 2675(a). "The [FTCA's notice] requirements are jurisdictional and cannot be waived." *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir.1991).

Mr. Hall does not allege facts in the Complaint, or submit documentation to show, that he complied with the FTCA's pre-suit administrative requirements.

Further, Mr. Hall is reminded that "the FTCA and a *Bivens* claim are alternative remedies." *Robbins v. Wilke*, 300 F.3d 1208, 1213 (10th Cir. 2002). "When a federal law enforcement officer commits an intentional tort, the victim has two avenues of redress: 1) he may bring a *Bivens* claim against the individual officer based on the

constitutional violation, or 2) he may bring a common law tort action against the United States pursuant to the FTCA." *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir.1994) (citations omitted). Accordingly, a plaintiff can pursue a *Bivens* action against a federal official in his individual capacity and an FTCA claim against the United States arising out of the same subject matter, but a judgment against the United States under the FTCA precludes recovery against the federal employee under *Bivens*. *Engle*, 24 F.3d at 135 ("Although the plaintiff may elect initially to bring his action against either defendant, a judgment against the United States under the FTCA constitutes a complete bar to any action by the claimant, by reason of the same subject matter, against the employee . . . whose act or omission gave rise to the claim.'") (quoting § 2676); *see also Trentadue*, 397 F.3d at 858-59 (concluding that district court was required to vacate *Bivens* judgment where court later entered judgment on FTCA claims arising out of the same subject matter, pursuant to § 2676).

If Mr. Hall intends to pursue an FTCA claim against the United States, he must demonstrate his compliance with the FTCA's pre-suit administrative requirements. If he has not complied with those requirements, and does not omit the FTCA claim from the Amended Complaint, the FTCA claim will be dismissed for lack of subject matter jurisdiction. Plaintiff is warned that any future FTCA action against the United States must satisfy the requirements of 28 U.S.C. § 2401(b). *See Franklin Sav. Corp. v. United States*, 385 F.3d 1279, 1287 (10th Cir. 2004) (Timeliness "is one of the conditions of the government's waiver of sovereign immunity under the FTCA, and [a federal] court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in § 2401(b)."). Accordingly, it

is

ORDERED that Plaintiff, Jesus Hall, file **within thirty (30) days from the date of this order,** an Amended Complaint that complies with the directives in this order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an Amended Complaint within the time allowed, the Court may dismiss some or all of this action without further notice.

DATED October 15, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge